UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HECTOR SANTIAGO**       :  | **CIVIL ACTION NO. 15-cv-575** |
| BOP #55424-066 | **SECTION P** |
| **VERSUS**       : | **JUDGE MINALDI** |
| **BECKY CLAY**       : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Hector Santiago (hereinafter "Santiago"). Santiago is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

On September 20, 2001, Santiago pled guilty to possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking crime; and possession with intent to distribute cocaine. Doc. 1, p. 2. He was then sentenced to 240 months incarceration by the United States District Court for the Eastern District of Pennsylvania. Doc. 1, p. 1. Santiago appealed his conviction to the United States Court of Appeals for the Third Circuit, which affirmed his conviction on September 2, 2003. Doc. 1, p. 2. He does not state that he sought further review

with the United States Supreme Court. *Id.* Santiago asserts that he filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence in the United States District Court for the Eastern District of Pennsylvania which was denied on an unspecified date in 2007. Doc. 1, p. 3.

On February 10, 2015, Santiago signed and dated the instant *habeas* petition which was received and filed by this court on March 11, 2015. He claims that, pursuant to *Persaud v. United States*,—— U.S. ——, 134 S. Ct. 1023 (2014), *Alleyne v. United States,* 133 S. Ct. 2151 (2013), and *Carachuri-Rosendo v. Holder,* 560 U.S. 563 (2010), that he is actually innocent of the armed career criminal designation "in light of the inapplicability of the prior convictions." Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, his claim is appropriately characterized as a motion to vacate pursuant to 28 U.S.C. § 2255.

Federal prisoners may use § 2241 to challenge the legality of their conviction or sentence only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file an application for a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been

convicted of a nonexistent offense; and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not entitle a petitioner to § 2241 relief. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Santiago does not satisfy the criteria set forth above. The Supreme Court has unequivocally stated "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). His reliance on *Alleyne, Persaud*, and *Carachuri-Rosendo* is misplaced as the Supreme Court has not made any of the cited cases retroactively applicable on collateral review.

In *Sharbutt v. Vasquez*, 600 Fed. App'x. 251, 252 (5th Cir. 2015)(unpublished) the Fifth Circuit stated that "[petitioner's] contention that *Persaud* … stands for the proposition that sentencing enhancements based on ineligible prior convictions are errors amenable to § 2241 relief is unavailing as *Persaud* is not a substantive decision." Likewise, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review. The Fifth Circuit addressed this argument in *In re Kemper*, 735 F.3d 211 (5th Cir. 2013)*,* noting that "*Alleyne* is a direct criminal appeal…and therefore did not involve a retroactive application of a rule on collateral review." *Id*. at 212. Moreover, the Fifth Circuit noted that the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review. *Id.* Finally, the Supreme Court

gave no indication that its decision in *Carachuri-Rosendo* should be given retroactive application to a case on collateral review, such as the instant action.

Further, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Id.* at 230; *Kinder v. Purdy,* 222 F.3d 209, 213, 214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

### III.
#### CONCLUSION

Since we find that Santiago has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

- 5 -

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE